Sarah BODEM, Appellant–Defendant,

v.

Rebecca J. BANCROFT, Appellee–Plaintiff.

No. 48A02–0312–CV–1075.

Court of Appeals of Indiana.

Feb. 28, 2005.

Publication Ordered April 13, 2005.

Christie A. Seifert, Goodin Abernathy & Miller, Indianapolis, IN, Attorney for Appellant.

Patrick R. Ragains, Smith & Ragains, Anderson, IN, Attorney for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Sarah Bodem, brings this interlocutory appeal challenging the trial court's order granting Appellee Rebecca Bancroft's Motion to Consolidate Cases for Trial. The sole issue presented for our review is whether the trial court abused its discretion in doing so.

We affirm.

Bodem and Bancroft were involved in an automobile accident on October 17, 2000. As a result, Bancroft filed a complaint for personal injuries against Bodem in the Madison Circuit Court on August 6, 2001 ("the Bodem action"). On February 1, 2001, Bancroft was involved in an accident with Marie Ellen Beck. Ms. Bancroft filed a second complaint for personal injuries against Beck in the Madison Circuit Court on August 24, 2001 ("the Beck action").

On August 18, 2003, Bancroft filed a motion to consolidate the Bodem action with the Beck action. Bodem, along with Beck, filed an objection to Bancroft's motion to consolidate. Finding their objection to be "well taken," the court denied Bancroft's request. Bancroft then filed a motion to reconsider and request for a hearing. The trial court held a hearing on the motion to reconsider on November 17, 2003, at the conclusion of which the court took the matter under advisement. On November 19, 2003, the court ordered that the Bodem action and the Beck action be consolidated for trial. On December 8, 2003, Bodem filed a motion to certify the court's consolidation order for interlocutory appeal, which the trial court granted on December 10, 2003. On January 30, 2004, this court accepted jurisdiction.

Upon appeal, Bodem argues that the court abused its discretion in ordering consolidation because there are no common issues of law or fact, let alone similar determinative facts and issues, between the Bodem action and the Beck action. Bodem first notes that although the accidents which precipitated both actions were rear-end collisions, the accidents occurred on separate days (three and a half months apart) and in different counties.[1] Bodem

1. The Beck collision occurred in Madison County. The Bodem collision occurred in Hamilton County. The record before us does not reflect the counties of residence of the respective defendants. The Bodem complaint, however, alleged that Bancroft's vehicle was damaged and was regularly garaged in Madison County. See Ind. Trial Rule

also asserts that the resulting injuries are different and directs us to the pleadings in both cases. In the Bodem action, Bancroft alleged "injuries to her person, including back and shoulder." Appendix at 35. In the Beck action, Bancroft alleged "[p]ersonal injury to her neck, left shoulder, lower back, all of which may be permanent."[2] App. at 46. Bodem also asserts that she has completed all of her discovery without regard to the second accident and thus, that she will be prejudiced by the consolidation because she will have to incur additional costs associated with expanded discovery. Bodem also maintains that she will incur additional costs because of the length of the trial to accommodate both actions.

Bancroft argues that consolidation was proper because if forced to go through separate trials, she "cannot get a fair determination of what her damages are, and who in fact caused them." Appellee's Brief at 6. The basis for Bancroft's argument is that Bodem and Beck will each assert that the other caused her injuries. Bancroft asserts that given separate trials, she will be unable to refute Bodem and Beck's fingerpointing at the non-party. Bancroft also argues that the fingerpointing is precisely why Bodem and Beck are not prejudiced by the consolidation.

◼ Indiana Trial Rule 42(A) permits a trial court to consolidate actions that involve a common question of law or fact. Our case law indicates that in order for consolidation to be proper, the common questions of law or fact must be determinative. *See In re Paternity of Tompkins,* 518 N.E.2d 500, 507 (Ind.Ct.App.1988).

The decision to consolidate actions is purely discretionary and will be overturned only when a manifest abuse of discretion is established. *Id.*

◼ Here, we agree with Bodem that the underlying facts of the accidents of the Bodem action and the Beck action are dissimilar in that the accidents occurred on different days and in different counties, the only similarity being that Bancroft was the person who was rear-ended on both occasions. Aside from liability, the primary issue to be decided is with regard to Bancroft's injuries. There is a suggestion in Bancroft's argument that the injuries she sustained as a result of the accident with Bodem were not completely healed by the time of her second, similar accident with Beck, in which Bancroft sustained additional injuries. Further, injuries resulting from rear-end collisions are likely to be of a similar nature. Here, Bancroft has alleged shoulder and back injuries as a result of both accidents. This commonality and overlap in alleged injuries presents a common question of fact sufficient to justify consolidation.

Further, we note that Bancroft was apparently treated for her injuries after both accidents by the same doctors and physical therapist. Thus, a consolidated trial would save judicial time and resources. We are mindful that Bodem may have to conduct additional discovery and that a trial encompassing both actions will likely be longer than otherwise would have been, but costs associated with such are minimal.[3] We therefore cannot conclude that the trial court abused its discretion in ordering the

75(A)(2). Although Bodem filed a Motion to Transfer Venue, the trial court denied that motion. The matter of venue is not at issue in this appeal.

2. Bodem also asserts that, other than the pleading filed in the Beck action, the precise

nature of the injuries Bancroft sustained as a result of her accident with Beck is unknown because Beck has yet to conduct discovery in her case.

3. Indeed, additional discovery will only have to focus upon the overlap in the injuries.

Bodem action and the Beck action to be consolidated for purposes of trial.

Bodem also argues that consolidation of the Bodem action and the Beck action is improper because Bodem and Beck are neither required nor permitted to be joined under the rules and case law governing joinder. Bodem directs us to *Grove v. Thomas*, 446 N.E.2d 641 (Ind.Ct.App. 1983), which, given the similarity of the factual scenario, appears to provide insight into the issue now before us. However, the procedural posture of that case sets it apart.

In *Grove*, the plaintiffs filed a single suit against two different defendants for damages sustained as a result of separate automobile accidents with each of the defendants. The accidents occurred on the same day, but at different times and in different counties. Defendant Grove moved to sever the claims as being improperly joined. In arguing that joinder was proper, the plaintiffs asserted that because of the proximity in time of the accidents and the similarity of the injuries and their cause, it would be difficult to apportion damages between the two defendants.

In addressing the issue presented, this court concluded that mandatory joinder under Indiana Trial Rule 19(A) was inappropriate because speculation about the possibility of inconsistent verdicts did not equate to a finding that both defendants were needed for just adjudication of the matter. The court then considered joinder under Indiana Trial Rule 20(A)(2), which provided that joinder of defendants was permitted if the right to relief asserted against them arose out of "the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."[4] This court noted that the test for determining whether the two causes of action arose out of the same transaction or occurrence is the logical relationship test. The court then concluded that there was no logical relationship between the two accidents as they were totally unrelated and independent of each other. The court further stated that "[i]njury to the same person is not, standing alone, sufficient to satisfy the logical relationship test." *Grove*, 446 N.E.2d at 643.

In the present case, however, we are not asked to resolve whether joinder of two defendants is proper; rather, we must determine whether the trial court abused its discretion in ordering two separate actions to be consolidated. Trial Rule 42 provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

For consolidation to be proper, it is only necessary that the actions involve a common question of law or fact. Trial Rule 42 does not contain the "same transaction or occurrence" requirement as is found in the rule governing joinder. We cannot deny that if presented with an issue under T.R. 20, we would conclude, as the court in *Grove* did, that joinder of Bodem and Beck as defendants in the same action would have been improper as there is no logical relationship between the two accidents, except for injury to the same plaintiff. Nevertheless, here, we must only review the trial court's determination that there is a common issue of law and fact sufficient to

4. The current version of T.R. 20 contains the same language.

justify consolidation. As noted, there is a common question of fact as to the injuries sustained by Bancroft.

The judgment of the trial court is affirmed.

NAJAM, J., and BARNES, J., concur.

## ORDER

The Court having heretofore handed down its opinion in this appeal on February 28, 2005, marked Memorandum Decision, Not for Publication.

Comes now the Appellee, by counsel, and files herein Verified Request of Appellee for Publication of Memorandum Decision, alleging therein that said decision clarifies a rule of law pertaining to Indiana Trial Rules 19, 20 and 42. Counsel alleges that the case law cited in the opinion dates to 1983, and 1988, and case law cited in the brief of the Appellee predates 1990. Counsel further alleges that it appears that the publication of the opinion would help to guide lawyers in Indiana on the issues presented therein with a more recent case and prays this Court to order the publication of the Memorandum Decision.

The Court having reviewed its opinion, having considered the Appellee's Verified Request for Publication and being duly advised, now finds that the same should be granted.

IT IS THEREFORE ORDERED that upon the above-recited Request of the Appellee for Publication, this Court's opinion in this appeal heretofore handed down on February 28, 2005, marked Memorandum Decision, Not for Publication, is now ordered published.

All Panel Judges Concur.