Mary Lou SMITH, Heather Nicole Smith, and Mary Lou Smith and John W. Smith as Natural Parents and Guardians of Jonathan Travis Smith, Appellants–Defendants,

v.

AUTO–OWNERS INSURANCE COMPANY, Appellee–Plaintiff.

No. 84A01–0611–CV–516.

Court of Appeals of Indiana.

Dec. 12, 2007.

Kaleel M. Ellis, III, Rae Elaine Martin, Ellis Law Offices, Terre Haute, IN, Attorneys for Appellants.

R. Steven Johnson, Sacopulos Johnson & Sacopulos, Terre Haute, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Mary Lou Smith, Heather Nicole Smith, and Mary Lou Smith and John W. Smith as natural parents and guardians of Jonathan Travis Smith (collectively, "the Smiths") appeal the trial court's grant of summary judgment in favor of Auto–Owners Insurance Company ("Auto–Owners"). They raise the following restated issue: whether the Smiths' uninsured motorist claim was barred by the language of the insurance policy and by IC 27–7–5–4.

We reverse.

## FACTS AND PROCEDURAL HISTORY

This case arises from an auto accident that occurred on February 10, 1999, between the Smiths' vehicle and Nellie Rogers's vehicle. The Smiths were purportedly injured in the collision and filed a personal injury action against Rogers on February 9, 2001. Rogers had an auto insurance policy with Highlands Insurance Company ("Highlands"). The Smiths had an auto insurance policy with Auto–Owners.

The matter was set for trial March 8, 2004. Four days before the trial, on March 4, counsel for Rogers disclosed to the Smiths' counsel that Highlands had filed for receivership in the State of Texas. The trial was continued, and the Smiths' attorney submitted a letter to Auto–Owners to inform the company that the Smiths would be making an uninsured motorist claim. On June 11, 2004, Auto–Owners filed a complaint for declaratory judgment against the Smiths, alleging it had no duty to provide coverage for an uninsured motorist claim. On June 29, 2004, the Smiths amended their complaint to add Auto–Owners as a defendant and make an uninsured motorist claim against it. Auto–Owners moved for summary judgment in the declaratory judgment action on October 18, 2005. In its motion, Auto–Owners contended that Indiana statutes and the terms of the insurance policy prevented an insured from making an uninsured motorist claim more than two years after an accident. The trial court granted summary judgment to Auto–Owners. The Smiths now appeal.

## DISCUSSION AND DECISION

In our review of a summary judgment ruling, we apply the same standard as the trial court. *Auto–Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1282 (Ind.2006). We will affirm a grant of summary judgment if it can be sustained on any theory or basis in the record. *Beineke v. Chem. Waste Mgmt. of Ind., LLC*, 868 N.E.2d 534, 537 (Ind.Ct.App.2007). Summary judgment shall be entered "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). On review, all facts and reasonable inferences drawn from them are construed in favor of the nonmoving party. *Beineke*, 868 N.E.2d at 537.

The Smiths argue that the trial court erred when it granted Auto–Owners's motion for summary judgment because their

complaint against Auto–Owners was not time-barred. They contend that they timely filed their complaint both under the terms of the insurance policy and under IC 27–7–5–4 because it was filed within two years of their discovery of Highlands's insolvency. Auto–Owners counters that the trial court properly granted their motion for summary judgment because the Smiths' cause of action was time-barred by the policy limitation period and because Rogers was not an uninsured motorist under the terms of the policy or under Indiana law.

This case hinges on the interpretation and application of the insurance policy and the definition of insolvency regarding uninsured motorist claims as set out by the Indiana Code. We review an insurance policy using the same rules of interpretation applied to other contracts, namely if the language is clear and unambiguous we will apply the plain and ordinary meaning. *Cincinnati Ins. Co. v. Am. Alternative Ins. Corp.*, 866 N.E.2d 326, 332 (Ind.Ct. App.2007), *trans. denied.* The interpretation of an insurance policy is generally a question of law appropriate for summary judgment. *Progressive Ins. Co. v. Bullock,* 841 N.E.2d 238, 240 (Ind.Ct.App. 2006), *trans denied.*

We are to consider the statutes governing uninsured motorist coverage as a part of every automobile insurance contract, as if written therein. *Kinslow v. GEICO Ins. Co.,* 858 N.E.2d 109, 114 (Ind.Ct.App. 2006). IC 27–7–5–4 is instructive on the availability of insolvency protection as it relates to uninsured motorist coverage. The statute provides in part:

> (a) For the purpose of this chapter, the term uninsured motor vehicle, subject to the terms and conditions of such coverage, means a motor vehicle without liability insurance or a motor vehicle not otherwise in compliance with the financial responsibility requirements of IC 9–25 or any similar requirements applicable under the law of another state, and includes an insured motor vehicle where the liability insurer of the vehicle is unable to make payment with respect to the legal liability of its insured within the limits specified in IC 9–25–4–5 because of insolvency.
>
> . . . .
>
> (c) An insurer's insolvency protection applies only to accidents occurring during a policy period in which its insured's uninsured motorist coverage is in effect and where the liability insurer of the tortfeasor becomes insolvent within two (2) years after such an accident. However, nothing contained in this section shall be construed to prevent any insurer from affording insolvency protection under terms and conditions more favorable to its insured than is provided under this section.

IC 27–7–5–4.

The Auto–Owners's policy at issue here provides coverage for insolvency of a tortfeasor's insurance company. It contains the following multi-part definition of an "uninsured automobile":

> Uninsured automobile means an automobile:
> (a) to which no bodily injury or property damage liability bond or policy applies:
> 1) at the time of the occurrence;
> 2) in the minimum amounts required by the Financial Responsibility Law in the state where your automobile is normally garaged.
> (b) insured by a company that becomes insolvent.
> (c) insured by a company that has issued a successful written denial of coverage.
> (d) that is a hit and run automobile. By this we mean an automobile:

1) that causes bodily injury by actual physical contact with the injured person or the automobile that injured person is occupying; and

2) whose owner or operator is unknown.

An occurrence involving a hit and run automobile must be reported to the police within 24 hours of when it takes place.

*Appellants' App.* at 144.

■ Clearly, part (b) includes protection for insolvency. The policy also sets out a time limitation for actions by the insured against Auto–Owners. Reasonable limitations shortening the time to commence a suit are valid in contracts. *New Welton Homes v. Eckman,* 830 N.E.2d 32, 35 (Ind. 2005). The relevant section provides:

Time Limitation for Actions Against Us

Any person seeking Uninsured Motorist Coverage must:

(1) present a claim for compensatory damages according to the terms and conditions of the policy; and

(2) conform with any applicable statute of limitations applying to bodily injury claims in the state in which the accident occurred.

*Appellants' App.* at 147.

IC 27–7–5–4, outlined above, mandates that uninsured motorist coverage extend to persons injured by tortfeasors whose insurers become insolvent within two years of the date of an accident. According to the terms of Auto–Owners's policy, in order to seek uninsured motorist coverage, the insured must conform with any applicable statute of limitations applying to bodily injury claims in Indiana. *Appellants' App.* at 147. Under IC 34–11–2–4, an action for bodily injury must be commenced within two years after the cause of action accrues. Therefore, under the terms of their policy the Smiths were re-quired to file any action against Auto–Owners within two years from the date that the cause of action accrued.

In this case, the Smiths' cause of action is for uninsured motorist coverage due to the insolvency of Rogers's insurance company, Highlands. Auto–Owners argues that Rogers was not an uninsured motorist under IC 27–7–5–4 because Highlands's insolvency did not occur within two years of the date of the accident at issue as it was not placed in receivership until November 2003. It believes that, pursuant to terms of the policy and IC 27–7–5–4, in order for the Smiths to have a valid claim, they should have filed their complaint seeking uninsured motorist coverage within two years of the date of the accident even if they did not know of Highlands's insolvency until after the two years had run.

■ We disagree. Enforcing a limitation such as that claimed by Auto–Owners would vitiate the statutory protection provided under IC 27–7–5–4. Prior to discovering the insolvency of the insurer, the injured party could not have brought a claim for uninsured motorist coverage. To give effect to IC 27–7–5–4, the statute of limitations for such a cause of action must run from the date of the accident or the date of the insurer's insolvency, whichever is later. Additionally, the discovery rule, which provides that a cause of action accrues when the plaintiff knew of or, in the exercise of ordinary diligence, could have discovered that an injury had occurred as a result of the act of another, applies. *Cooper Indus., LLC v. City of South Bend,* 863 N.E.2d 1253, 1256 (Ind.Ct.App.2007). Therefore, in order for an insured to claim uninsured motorist coverage due to the insolvency of the tortfeasor's insurer, the cause of action is not complete until (1) there is an accident involving the tortfea-

sor, (2) the tortfeasor's insurer becomes insolvent, and (3) the injured party learns of this insolvency. Although the tortfeasor's insurer must become insolvent within two years of the date of the accident in order for a party to be able to claim uninsured motorist coverage from their insurer, the claim does not need to be filed within two years after the accident only within two years after the tortfeasor's insured becomes insolvent and the insured has knowledge of the insolvency. If the tortfeasor's insurer becomes insolvent more than two years after the date of the accident, uninsured motorist coverage does not apply under the statute unless the insured's coverage is more favorable than the statute. IC 27–7–5–4(c).

■ Here, the accident involving the Smiths, who were insured by Auto–Owners, and Rogers, who was insured by Highlands, occurred on February 10, 1999. The Smiths were informed on March 4, 2004 that Highlands was in receivership, and they notified Auto–Owners on that date that they intended to seek uninsured motorist benefits under the terms of their policy. On June 29, 2004, the Smiths filed a complaint against Auto–Owners, making such a claim. Although Highlands was placed in receivership in November 2003 and the Smiths were notified of such on March 4, 2004, it is unclear when Highlands actually became insolvent or if, in fact, it was insolvent when the Smiths filed their complaint. Therefore, questions of fact exist as to the insolvency of Highlands and the date on which it became insolvent and as to whether the Smiths timely filed their complaint. If Highlands became insolvent within two years after the date of the accident, then their complaint was timely; if it became insolvent after two years, then their claim is time-barred. Because questions of fact exist, we conclude that summary judgment was inappropriate, and the trial court erred when it granted Auto–Owners's motion for summary judgment.

Reversed.

ROBB, J., concurs.

BARNES, J., dissents with separate opinion.

BARNES, Judge, dissenting with separate opinion.

I respectfully dissent. I believe the plain language of Indiana Code Section 27–7–5–4 bars the plaintiffs' suit, and I do not believe that the plaintiffs present a question of fact regarding the potential date of Highlands's insolvency.

No one disputes that Indiana law affords uninsured protection for insolvency that occurs within two years of an accident. Ind.Code § 27–7–5–4. The plaintiffs did not submit any evidence to the trial court that Highlands's insolvency occurred within this timeframe. The Indiana Code defines insolvency of an insurer as when an insurer "is unable to pay its obligations when they are due" or when an "insurer's admitted assets do not exceed its liabilities." I.C. § 27–9–1–2(k)(2). The Smiths presented no evidence that Highlands was unable to pay its obligations by February 10, 2001, or that Highlands's liabilities exceeded its assets at that time. Rather, the Smiths contend that "the possibility remained of Highlands Insurance being declared 'insolvent' within the receivership action as of a date within the two year period after the Smiths' accident." Appellant's Br. p. 27. The Smiths do not point to any specific evidence to support such a possibility. Instead, they rely generally on the receivership documents, totaling forty pages, to support this contention. A review of these documents, all filed in November of 2003, reveals that Highlands was not even placed into supervision by

the Texas Commissioner of Insurance until February 22, 2002. This date is over a year after the deadline for insolvency as required by the statute. The Texas Commissioner of Insurance declared that Highlands was in "hazardous financial condition" on August 20, 2002. Appellant's App. p. 180. These documents do not reveal that Highlands was insolvent on or before February 10, 2001, as required by the statute; rather, the documents show that the company experienced financial difficulties and entered receivership over a year later. Although we scrutinize summary judgment rulings carefully to assure that a party was not improperly denied his or her day in court, an appellant bears the burden of demonstrating it was error to grant summary judgment. *Bolin v. Wingert,* 764 N.E.2d 201, 203 (Ind.2002). The Smiths did not present any evidence to create an issue of fact regarding the insolvency date to overcome summary judgment.

The plain language of Indiana Code Section 27–7–5–4 requires a tortfeasor's insurer to be insolvent within two years of the accident. Unless and until our legislature extends this two-year window, I cannot conclude that the trial court improperly granted summary judgment. In my view, the trial court faced a question of law regarding the application of this statute and its limit. The plaintiffs needed to show that Highlands could not pay their claim by February 10, 2001, and no designated facts demonstrate that. The burden of proof with respect to non-insurance of a tortfeasor falls upon the insured plaintiff and plaintiffs here have not met this burden. *Michael v. Wolfe,* 737 N.E.2d 820, 822 (Ind.Ct.App.2000). I would vote to affirm the trial court's granting of Auto Owner's summary judgment motion.