**Kenneth H. CLARKSON and Andrea G. Clarkson, Appellants,**

v.

**Michael NEFF, Appellee.**

No. 49A02–0705–CV–441.

Court of Appeals of Indiana.

Dec. 12, 2007.

Grantland M. Clapacs, Karl L. Mulvaney, Bingham McHale, LLP, Indianapolis, IN, Attorneys for Appellants.

Mark R. Galliher, Joanne B. Friedmeyer, Doyle & Friedmeyer, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Kenneth and Andrea Clarkson appeal the trial court's grant of summary judgment in favor of Michael Neff. We reverse and remand.

### Issue

The sole issue we address is whether Neff had constructive notice of a pending lawsuit brought by the Clarksons that concerned real estate Neff purchased.

### Facts

In May 2002, the Clarksons entered into a contract with Summit Custom Homes, Inc., ("Summit") to construct a home for the Clarksons in Hancock County. Summit allegedly took longer to construct the home than originally promised. By May 2003, it was ready to close on the sale of the home to the Clarksons. However, according to the Clarksons, Summit failed to construct the home as required by the contract and also sought to charge more for the home than provided by the contract. The Clarksons refused to close on the home.

After attempting to negotiate a settlement to their dispute, on July 29, 2003, the Clarksons filed suit against Summit, seeking damages and also seeking specific performance of the contract. This lawsuit was filed in the Marion County Superior Court ("the Superior Court lawsuit"). On August 5, 2003, the Clarksons filed a lis pendens notice of the Superior Court lawsuit with the Hancock County Recorder.

On March 23, 2004, the Marion Superior Court dismissed the Superior Court lawsuit on its own motion, apparently for alleged failure to prosecute. Neither the Clarksons nor Summit were aware of the dismissal, and they continued discovery and settlement negotiations.

On November 16, 2005, Summit filed an emergency motion to enforce a partial settlement agreement allegedly reached between it and the Clarksons. The Marion Superior Court denied the motion on the basis that the case had been dismissed. Upon learning of the dismissal, on November 17, 2005, the Clarksons filed a new complaint against Summit in the Marion County Circuit Court ("the Circuit Court lawsuit"). The complaint for the Circuit

Court lawsuit was a word-by-word replica of the complaint filed in the Superior Court lawsuit. On that same date, the Clarksons filed lis pendens notices of the Circuit Court lawsuit with both the Marion and Hancock County Circuit Court Clerks. On November 18, 2005, the Clarksons filed a motion to reinstate the Superior Court lawsuit.

On November 30, 2005, Neff purchased the home from Summit. On December 12, 2005, the Clarksons's Superior Court lawsuit was reinstated without opposition from Summit. On May 22, 2006, the Clarksons filed a motion for leave to add Neff as a defendant in the Superior Court lawsuit. Summit objected to this motion, but on October 5, 2006, the Marion Superior Court allowed the Clarksons to file a supplemental complaint naming Neff as a defendant. Afterwards, Neff filed a cross-claim against Summit based on its issuance of a warranty deed when Neff bought the home.

On February 1, 2007, the Clarksons filed a motion to consolidate the Superior Court and Circuit Court lawsuits. On February 23, 2007, Neff filed a motion for summary judgment against the Clarksons in the Superior Court lawsuit. On February 27, 2007, the Superior Court consolidated the two lawsuits. On April 30, 2007, the Superior Court granted summary judgment in favor of Neff, concluding that he owned the house free and clear of any purported interest of the Clarksons. After the summary judgment order was certified as final and appealable, the Clarksons initiated this appeal.

### Analysis

■ We review the propriety of granting summary judgment by using the same standard applied by the trial court. *Beineke v. Chemical Waste Mgmt. of Indiana, LLC*, 868 N.E.2d 534, 537 (Ind.Ct.App. 2007). Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C); *Beineke*, 868 N.E.2d at 537. "During our review, all facts and reasonable inferences drawn from them are construed in favor of the nonmoving party." *Beineke*, 868 N.E.2d at 537. A grant of summary judgment may be affirmed on any theory or basis in the record. *Id.*

■ At common law, the doctrine of lis pendens provided that a person who acquired an interest in land during the pendency of an action concerning the title thereof took the property subject to any judgment later rendered in the action. *See Mid–West Fed. Sav. Bank v. Kerlin*, 672 N.E.2d 82, 86 (Ind.Ct.App.1996) (citing *Wilson v. Hefflin*, 81 Ind. 35, 41–42 (1881)). Commencement of the action itself was deemed to provide notice to the purchaser of the land. *See id.*

■ In the latter part of the nineteenth century, the legislature enacted lis pendens statutes that modified the common law rule. Briefly stated, the statutes require that a separate written notice of a pending suit be filed with the clerk of the circuit court of the county where the land is located in order for the action to affect the interests of any persons acquiring an interest in the land while the action was pending. *See id.* It has been stated:

> The purpose of lis pendens notice is to provide machinery whereby a person with an in rem claim to property which is not otherwise recorded or perfected may put his claim upon the public records, so that third persons dealing with the defendant ... will have constructive notice of it.

*Curry v. Orwig*, 429 N.E.2d 268, 272–73 (Ind.Ct.App.1981) (quoting 4 W. Harvey

and R.B. Townsend, Indiana Practice § 63.1B at 340 (1971)). "If a lis pendens notice is properly filed on the public records, a subsequent purchaser will take the property subject to a judgment in the pending claim." *MDM Inv. v. City of Carmel,* 740 N.E.2d 929, 934 n. 3 (Ind.Ct. App.2000). "To protect an interest in the property, the subsequent purchaser may either ensure that the grantor does not harm his rights or intervene in the action." *Id.*

The pertinent lis pendens statutes for purposes of this case provide:

(a) This section applies to a person who commences a suit:

(1) in any court of Indiana or in a district court of the United States sitting in Indiana;

(2) by complaint as plaintiff or by cross-complaint as defendant; and

(3) to enforce any lien upon, right to, or interest in any real estate upon any claim not founded upon:

(A) an instrument executed by the party having the legal title to the real estate, as appears from the proper records of the county, and recorded as required by law; or

(B) a judgment of record in the county in which the real estate is located, against the party having the legal title to the real estate, as appears from the proper records.

(b) The person shall file, with the clerk of the circuit court in each county where the real estate sought to be affected is located, a written notice containing:

(1) the title of the court;

(2) the names of all the parties to the suit;

(3) a description of the real estate to be affected; and

(4) the nature of the lien, right, or interest sought to be enforced against the real estate.

Ind.Code § 32–30–11–3.

(a) This section applies to the following:

(1) Suits described in section 2 or 3 of this chapter.

\*   \*   \*   \*   \*   \*

(b) Actions referred to in subsection (a) do not:

(1) operate as constructive notice of the pendency of the suit or of the seizure of or levy upon the real estate; or

(2) have any force or effect as against bona fide purchasers or encumbrancers of the real estate;

until the notices required by this section are filed with the proper clerk.

I.C. § 32–30–11–9.

■■■■ Closely related to lis pendens, but usually applied in the context of instruments such as mortgages and deeds that are supposed to be recorded, is the bona fide purchaser doctrine. This doctrine generally affords to a bona fide purchaser protection against prior interests in the land. *See Keybank Nat'l Ass'n v. NBD Bank,* 699 N.E.2d 322, 326 (Ind.Ct.App. 1998). "The theory behind the bona fide purchaser defense is that every reasonable effort should be made to protect a purchaser of legal title for a valuable consideration without notice of a legal defect." *Id.* at 327. To qualify as a bona fide purchaser, one must purchase in good faith, for valuable consideration, and without notice of the outstanding rights of others. *Bank of New York v. Nally,* 820 N.E.2d 644, 648 (Ind.2005). Such notice may be either actual or constructive. *Id.* Clearly, a properly filed lis pendens document provides constructive notice of a potential cloud upon title.

■ With respect to the multiple lis pendens notices filed in this case, we first conclude that the notice filed at the time of the original Superior Court lawsuit in 2003 cannot be given any effect in this case. First, the notice incorrectly was filed with the Hancock County Recorder; lis pendens notices must be filed with the clerk of the circuit court where the real property is located. *See* I.C. § 32–30–11–3(b). Second, the Superior Court lawsuit was not pending when Neff purchased the property. Even if Neff had located the improperly filed lis pendens notice for the Superior Court lawsuit, he would have discovered that the case had been dismissed over a year and a half earlier, although he might also have noticed that the Clarksons had filed to reopen the case. In any event, the 2003 lis pendens notice, filed in the wrong office, did not provide constructive notice of a pending lawsuit at the time of Neff's purchase of the property.

The lis pendens notices filed on November 17, 2005 with the Circuit Court lawsuit cannot be so easily dismissed. One of those notices was filed correctly with the Clerk of the Hancock County Circuit Court, where the disputed property is located, and another was filed with the Clerk of the Marion County Circuit Court for good measure. The constructive notice effect of these documents took place upon their filing, which occurred thirteen days before Neff closed on his purchase of the property. *See* I.C. § 32–30–11–9(b). So, clearly, Neff had constructive notice of the Circuit Court lawsuit when he purchased the property, as provided by the lis pendens statutes, because the Clarksons correctly filed a lis pendens notice in Hancock County.

■ The twist here is that after the Clarksons successfully reinstated the Superior Court lawsuit, they apparently have focused their efforts upon prosecution of that particular lawsuit, and not the Circuit Court lawsuit.[1] They added Neff as a party in the Superior Court lawsuit, but not the Circuit Court lawsuit. Also, it is the Superior Court lawsuit in which Neff obtained summary judgment against the Clarksons, which is understandable because he is not a party to the Circuit Court lawsuit.[2] Thus, the question here is whether the valid lis pendens notices filed in the Circuit Court lawsuit essentially can be "piggybacked" onto the Superior Court lawsuit, for which no valid lis pendens notice existed when Neff purchased the property. We conclude that they can.

■ The Clarksons sought and obtained consolidation of the Superior Court and Circuit Court lawsuits in the Superior Court pursuant to Indiana Trial Rule 42(A), which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

It has been held, "consolidation of similar cases is permitted as a matter of convenience and economy, but, it does not merge

---

1. It seems self-evident that if the Clarksons had not been able to reinstate the Superior Court lawsuit, this action would have proceeded in the Circuit Court, and there would be no question that the lis pendens notices filed in connection with that lawsuit are valid and binding upon Neff.

2. Under lis pendens doctrine, Neff did not have to be made a party to either lawsuit in order for a judgment in either case to be binding upon him, assuming the existence of valid lis pendens notices. *See Kerlin*, 672 N.E.2d at 86 n. 5.

the suits into a single cause or change the rights or duties of the parties." *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 55 (Ind.Ct.App.1993). Given this general proposition, Neff asserts that mere consolidation of the Circuit Court lawsuit with the Superior Court lawsuit cannot cause the Circuit Court lawsuit lis pendens notices to be transferred to and given effect in the Superior Court lawsuit.

■ It appears that consolidation under Rule 42 usually occurs in cases where the issues between the cases are very similar but different parties are involved, or where at least one of several issues in two cases are similar. *See, e.g., id.* (consolidation affirmed where two different plaintiffs filed nearly identical lawsuits against one defendant); *Bodem v. Bancroft*, 825 N.E.2d 380, 381–82 (Ind.Ct.App.2005) (consolidation affirmed where plaintiff alleged overlapping injuries sustained in two different car accidents with two different defendants). "For consolidation to be proper, it is only necessary that the actions involve a common question of law or fact." *Bodem*, 825 N.E.2d at 383 (emphasis added). In these types of cases, where consolidated cases present varied issues or affect different parties, it makes sense that the consolidated cases retain distinct identities.

Here, however, there was not just a common question of law or fact between the Superior Court and Circuit Court lawsuits. Instead, the complaint for the Circuit Court lawsuit was a verbatim copy of the complaint for the Superior Court lawsuit and involved identical parties when they were filed. The factual and legal questions in both cases originally were

identical. Later, with the addition of Neff as a defendant in the Superior Court lawsuit and Neff' s filing of a crossclaim against Summit, that case raised issues separate from the Circuit Court lawsuit. But, the central question of the Clarksons seeking specific performance of the contract they had with Summit is precisely the same in both the Superior Court and Circuit Court lawsuits, and it is that question that is directly connected to the lis pendens notices. Neff, therefore, had constructive notice that the home was embroiled in litigation. A review of the Circuit Court complaint would have revealed that the Clarksons were seeking specific performance of a contract to purchase the home.

Under these particular facts, we conclude the purpose of the lis pendens statutes—to provide constructive notice of claims upon property to potential purchasers—was fulfilled by the filing of the lis pendens notice with the Hancock County Circuit Court Clerk in connection with the Circuit Court lawsuit. This is true, even if the final operative judgment in this case ends up being entered in the separate, but virtually identical, Superior Court lawsuit. Because Neff had constructive notice of the Clarksons's claim against the home, he will be bound by any judgment entered in either the Superior Court or Circuit Court lawsuits. In other words, he does not at this time own the property in question free of any and all claims of the Clarksons as a matter of law.[3]

### Conclusion

The trial court erred in granting summary judgment to Neff and concluding that he owned the property free and clear

---

**3.** There may be equitable reasons not to order specific performance of the Clarkson–Summit contract, as opposed to merely awarding damages. Although Neff argued before the trial court that such reasons exist, he has not

done so in this appeal. That does not preclude him from making such arguments again before the trial court; additionally, the merits of the Clarksons's claims against Summit have yet to be resolved.

of the Clarksons's claims and interests. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

KIRSCH, J., and ROBB, J., concur.