**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK A. MATTHES**
Yoder Ainlay Ulmer & Buckingham, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:
West Bend Mutual Insurance Company

**JON C. ABERNATHY**
**ELIZABETH J. WYSONG BERG**
Goodin Abernathy, LLP
Indianapolis, Indiana

FILED
Dec 13 2012, 9:17 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROSEANN KWAK, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 75A03-1203-CT-104 |
| | ) | |
| KIMBERLY OVERMYER and MARSHALL-STARKE DEVELOPMENT CENTER, INC., | ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Appellee/Garnishee-Defendant. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause No. 75C01-0408-CT-21

**December 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Roseann Kwak appeals from the trial court's order denying her motion to correct error from the trial court's order granting summary judgment in favor of West Bend Mutual Insurance Company (West Bend), the garnishee-defendant, in proceedings supplemental initiated by Kwak. Kwak raises several issues for our review which we consolidate and restate as follows: Did the trial court err by granting summary judgment in favor of West Bend? West Bend cross-appeals, raising the following restated and dispositive issue for our review: Did the trial court err by concluding that Kimberly Overmyer (Overmyer) was entitled to coverage under a commercial umbrella policy issued to her employer by West Bend?

We affirm.

On September 25, 2002, Overmyer, who was an employee of Marshall-Starke Development Center, Inc. (Marshall-Starke), while operating her personal vehicle, but acting in the scope of her employment, was involved in an automobile accident which injured Kwak. At the time of the collision, Overmyer had insurance on her personal vehicle through State Farm Insurance (State Farm), and Marshall-Starke had automobile insurance issued by Auto-Owners Insurance Company (Auto-Owners), and a commercial umbrella policy issued by West Bend.

On November 8, 2004, Kwak filed an amended complaint against Overmyer and Marshall-Starke for the injuries she sustained in the collision. On March 21, 2006, a $500,000 consent judgment (2006 Consent Judgment) was entered into between Kwak and Overmyer, which by its terms was non-binding on Marshall-Starke. Kwak and Overmyer,

2

through State Farm, also executed a covenant not to execute, in which State Farm agreed to pay its policy limits in exchange for Kwak's agreement not to execute the judgment against Overmyer's personal assets. Instead, Kwak agreed to attempt to collect the judgment from West Bend under the commercial umbrella policy issued to Marshall-Starke. On April 26, 2006, State Farm paid the policy limits of $100,000 to Kwak for its coverage of Overmyer. On September 11, 2008, Kwak and Marshall-Starke entered into and executed a loan receipt agreement in which Auto-Owners, having issued a policy to Marshall-Starke providing for $1,000,000 of coverage, paid $75,000 to Kwak as an interest-free loan. Neither Overmyer nor Marshall-Starke were explicitly released from liability under the agreement.

Kwak then filed proceedings supplemental naming West Bend as a garnishee-defendant. West Bend had issued a commercial umbrella policy to Marshall-Starke. Ultimately, Kwak and West Bend filed cross-motions for summary judgment. On September 7, 2007, the trial court entered an order on those cross-motions for summary judgment concluding that West Bend's commercial umbrella policy did provide coverage for Overmyer, but that West Bend was not bound by the 2006 Consent Judgment. Kwak's motion to correct error from that order was denied by the trial court, which found that the remedy sought by Kwak was antithetical to public policy that cases should be decided on their merits, and that the 2006 Consent Judgment, to which West Bend was not a party to the negotiations or agreement, undermined the integrity of the adjudicative process.

On February 2, 2009, Kwak, Overmyer, and Marshall-Starke entered into a Revised Consent Judgment. Kwak initiated proceedings supplemental again naming West Bend as a

garnishee-defendant. Kwak and West Bend filed cross-motions for summary judgment in that action. On April 26, 2011, the trial court issued its order concluding that West Bend would not be bound by the Revised Consent Judgment because Overmyer had not exhausted the Auto-Owners policy, thus, West Bend's duty to defend had not been triggered. Kwak filed a motion to correct error, which the trial court denied by written order on July 27, 2011.

In that order, the trial court concluded that West Bend was not bound by the Revised Consent Judgment for several reasons. First, West Bend's duty to defend was not triggered because Overmyer had not exhausted the coverage provided for under the Auto-Owners policy. Further, West Bend was never put on notice or contacted by Kwak's, Overmyer's, or Marshall-Starke's counsel about the Revised Consent Judgment. In addition, the trial court stated that the Revised Consent Judgment "which [Kwak] seeks to enforce against West Bend Insurance Company, who was neither a party to the negotiations or the purported agreement, undermines the integrity of the adjudicative process and goes against public policy, considering that West Bend was and is a party to this cause of action." *Appellant's Appendix* at 23.

Kwak initiated an appeal of the orders granting summary judgment in favor of West Bend. West Bend filed a motion to dismiss the appeal, which this court granted. We remanded the matter to the trial court "for consideration of an entry of finality pursuant to Trial Rule 54(B)." *Id*. at 17. On February 17, 2012, the trial court entered an order granting Kwak's motion for entry of final judgment. Kwak now appeals.

Kwak argues that the trial court erred by granting summary judgment in favor of West Bend. When reviewing a trial court's order granting summary judgment, we apply the same standard as that of the trial court. *Lacy-McKinney v. Taylor Bean & Whitaker Mortg. Corp.*, 937 N.E.2d 853 (Ind. Ct. App. 2010). Summary judgment is appropriate if the pleadings and designated evidence demonstrate that there are no genuine issues of fact and that the moving party is entitled to judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). We construe the pleadings, affidavits, and designated materials in the light most favorable to the non-moving party, and the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Lacy-McKinney v. Taylor Bean & Whitaker Mortg. Corp.*, 937 N.E.2d 853.

Because a trial court's grant of summary judgment comes to us clothed with a presumption of validity, the appellant must persuade us that error occurred. *Id.* If the trial court's order granting summary judgment can be sustained on any theory or basis in the record, we must affirm. *Id.* We must carefully review a grant of summary judgment in order to ensure that a party was not improperly denied his or her day in court. *Id.* Further, our standard of review is not altered by the fact the parties filed cross-motions for summary judgment. *Mahan v. Am. Standard Ins. Co.*, 862 N.E.2d 669 (Ind. Ct. App. 2007). We consider each motion separately to determine if the moving party is entitled to judgment as a matter of law. *Id.*

Resolution of this case involves the interpretation of the insurance policies at issue. The interpretation of an insurance policy is generally a question of law appropriate for summary judgment. *Smith v. Auto-Owners Ins. Co.*, 877 N.E.2d 1220 (Ind. Ct. App. 2007).

We review an insurance policy using the same rules of interpretation applied to other contracts, namely if the language is clear and unambiguous we will apply the plain and ordinary meaning. *Id*. An insurance policy is ambiguous where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *American Family Ins. Co. v. Glabe Am. Cas. Co.*, 774 N.E.2d 932 (Ind. Ct. App. 2002). An ambiguity, however, does not exist merely because the parties favor different interpretations. *Id*. "Additionally, the power to interpret contracts does not extend to changing their terms, and we will not give insurance policies an unreasonable construction to provide added coverage." *Id*. at 935.

The dispositive issue in this case is whether the trial court was correct in finding that Overmyer was entitled to coverage under a commercial umbrella policy issued to Marshall-Starke by West Bend. If coverage is not available to Overmyer, then West Bend is entitled to summary judgment on that ground. We are not limited to a review of the trial court's reasons for granting or denying summary judgment, but may affirm a grant of summary judgment on any theory supported by the evidence. *Wagner v. Yates*, 912 N.E.2d 805 (Ind. 2009). The trial court found that West Bend was entitled to summary judgment on the grounds that 1) Overmyer had not exhausted the coverage found under the Auto-Owners policy, 2) West Bend was never put on notice about the Revised Consent Judgment, and 3) the Revised Consent Judgment purporting to bind West Bend, who was not a party to the negotiations, was against public policy.

On the declarations page of West Bend's commercial umbrella liability policy issued to Marshall-Starke, the Auto-Owner's policy is listed as underlying automobile liability insurance. The Auto-Owner's policy provides in pertinent part as follows:

1. **COVERAGE**
   **SECTION II—LIABILITY COVERAGE** is extended:
   . . . .
   b.     to any **automobile** (that is not a **trailer**) **you** do not own while operated in **your** business.
   . . . .
2. **EXCLUSIONS**
   . . . .
   The coverage extension does not apply to:
   c. **your** employee, if the **automobile** is owned by such employee or any member of the employee's household.

*Appellee's Appendix* at 38 (emphasis in original).

Further, the West Bend umbrella policy provides in pertinent part as follows:

1. Duties in the event of Occurrence, Claim or Suit
a. You must see to it we are notified promptly of an "occurrence" or an offense which may result in a claim. . .
Notice of an "occurrence" is not notice of a claim.

b. If a claim is made or "suit" is brought against any insured, you must:
(1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.
You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:
(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit."
(2) Authorize us to obtain records and other information;
(3) Cooperate with us in the investigation, settlement, or defense of the claim or "suit;" and
(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damge to which this insurance may also apply.

d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

*Appellant's Appendix.* at 39.

The West Bend policy defines the insured as follows:

**Section III - WHO IS AN INSURED**

1.     a.     If you are designated in the Declarations as:
. . .
(3)     An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

b.     No person or organization, except the Named Insured shown in the Declarations, is an insured with respect to the ownership, maintenance, operation, use, "loading or unloading" or entrustment to others of any "autos," except as provided in 3. below.

2. Except as provided in 4. below, each of the following is also an insured.

a. Your employees, other than your executive officers, but only for acts within the scope of their employment by you. . . .

Except as provided in 3. below, none of the persons or organizations included as an insured in this paragraph 2, is an insured with respect to the ownership, maintenance, operation, use, "loading or unloading" or entrustment to others of any "auto."

3. Except as provided in 4. below, any person is an insured while using an "auto" you own, hire or borrow with your permission. The following are not insureds under this provision:

a. the owner of an "auto" you hire or borrow from one of your employees or a member of his or her household. However, if the owner of such auto is an insured in the "underlying insurance" then that person shall be an "insured" under this Coverage Part.  Coverage provided by this exception shall be no broader than that of the "underlying insurance". . . .

*Appellant's Appendix* at 37-38 (emphasis in original).

Additionally, the Endorsement to the West Bend Umbrella Policy clearly excludes coverage when a car is involved. The Endorsement states:

> Except to the extent coverage is available to you or the insured in the "underlying insurance," this insurance shall not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

*Id*. at 46.

Thus, under the unambiguous language and provisions of the relevant insurance policies, Overmyer was not an insured for purposes of Kwak's lawsuit under the Auto-Owner's policy or West Bend's umbrella policy. The trial court erred by holding that Overmyer had insurance coverage under the West Bend umbrella policy as an employee of Marshall-Starke. Nonetheless, this error does not affect the trial court's entry of summary judgment in favor of West Bend. Although the trial court erred in finding coverage under the West Bend policy, the trial court did not err by entering summary judgment in favor of West Bend on other grounds we need not, and in fact, do not address in this opinion. Viewed consistently with our standard of review for summary judgment, this basis is sufficient to uphold the trial court's entry of summary judgment in favor of West Bend.

Judgment affirmed.

BARNES, J., concurs.

MAY, J., dissents with separate opinion.

9

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ROSEANN KWAK, )<br>)<br> Appellant-Plaintiff, )<br>)<br> vs. )<br>)<br>KIMBERLY OVERMYER and MARSHALL- )<br>STARKE DEVELOPMENT CENTER, INC., )<br>)<br> Defendants, )<br>)<br>WEST BEND MUTUAL INSURANCE )<br>COMPANY, )<br>)<br> Appellee/Garnishee-Defendant. ) | No. 75A03-1203-CT-104 |

**MAY, Judge, dissenting**

In light of the record before us, I believe it was error for the trial court to grant summary judgment on the question whether the West Bend policy covers Overmyer. There is a genuine issue of fact as to whether the policy exceptions and exclusions on which the majority relies might apply only to *non*-employees of Marshall-Starke, because the references in the policy to "employees" and to "any person," (*e.g*., Appellant's App. at 38), indicate those are two separate categories. Therefore, the exclusions applicable to "any person" or to "any organization" might not apply to Overmyer as an employee. As the majority finds this question "dispositive," (slip op. at 6), and determines Overmyer was not covered, I must

10

respectfully dissent.

The West Bend policy issued to Marshall-Starke as the named insured indicates Marshall-Starke "employees" are insured for acts within the scope of their employment. (Appellant's App. at 37.). It then goes on to enumerate certain other "persons" or "organizations" that are insured in certain circumstances. (*Id*. at 37-38.) Then it states an exclusion on which the majority relies in part: "Except as provided in [paragraph] 3. below, none of the *persons or organizations* included as an insured in this paragraph 2. is an insured with respect to [the use of any auto]." (*Id*. at 38) (emphasis added).

However, then in paragraph 3, the policy says: "Except as provided in [paragraph] 4. below, *any person* is an insured" while using an auto the policyholder owns, hires, or borrows with the policyholder's permission. (*Id*.) (emphasis added). Immediately after that, it excludes "the owner of an 'auto' you hire or borrow from one of your employees" unless the owner if such auto is an insured in the "underlying insurance." (*Id*.)

Our case law indicates there is a genuine issue of fact as to whether or how this tangle of definitions, exceptions, inclusions, and exclusions might apply to Overmyer. We said in *Am. States Ins. Co. v. Adair Indus., Inc.*, 576 N.E.2d 1272, 1275 (Ind. Ct. App. 1991):

> the terms "family member" and "any person" are selectively used in the exclusion portion of the American States policy. Also, the term "family member" is emphasized and distinguished from the term "any person." We agree this creates the impression that the terms refer to two distinct and different classes, which are mutually exclusive. Consequently, there is an ambiguity created by the manner in which the terms are used in the policy. Reasonable persons may honestly differ as to the meaning of the terms, and thus the policy must be construed in favor of the insured.

Similarly, in the West Bend policy before us, the terms "employee," "person," and

11

"organization" could be read as "selectively used" and distinguished, such that the categories are mutually exclusive.

The majority goes on to correctly note that after all those policy definitions, coverages, exclusions, and exceptions to exclusions, an "endorsement" to the West Bend policy might undo all of that language by saying the policy does not apply to injury arising out of the use of any auto owned or operated by any insured "except to the extent coverage is available to *you or the insured* in the 'underlying insurance.'" (Appellant's App. at 46) (emphasis added). However, that language does not permit summary judgment on the premise Overmyer is not covered by the "underlying" Auto-Owners policy Marshall-Starke had.

That underlying policy provides coverage for any automobile the policyholder does not own while operated in the policyholder's business – in the case before us, Overmyer's car. But it then goes on to exclude "your employee, if the automobile is owned by such employee." (Appellee's App. at 38.) I believe this exclusion does not apply to Overmyer because of the language "you *or* the insured" in the West Bend policy endorsement. As the underlying insurance undoubtedly covers Marshall-Starke, Overmyer correctly argues, it need not cover her also.

For the reasons explained above, I do not believe summary judgment was appropriate on the "dispositive" question whether the West Bend policy covered Overmyer. I would reverse the trial court's grant of summary judgment and remand for a trial on that question.